IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LONNIE MONTAGUE, #350-807 *

Plaintiff *

v * Civil Action No. PWG-14-1074

DAYENA CORCORAN, WARDEN *
L. V. HAMMERER, MCTU
A. DUNNING, MCTU *
GREGG HERSHBERGER, SECRETARY,
   DEPARTMENT OF PUBLIC SAFETY AND*
   CORRECTIONAL SERVICES
*
Defendants

\*\*\*

# MEMORANDUM

Plaintiff, a Maryland prisoner, seeks "[t]o hold the parties liable for damages caused by their negligence and violation of [his] constitutional rights and civil liberties without provocation or legal justification." In support of this request, he states that in June of 2013, correctional transportation officers V. Hammerer and A. Dunning were transporting him from the Maryland Correctional Institution at Jessup (hereinafter "MCI-J") to a court appearance. Although Plaintiff was wearing shackles and handcuffs, Hammerer and Dunning failed to help him while exiting the van. As a result, Plaintiff fell, sustaining injury to his face, wrist and knees. Compl. at 3, ECF No. 1.[1] In addition to Officers Hammerer and Dunning, Plaintiff names Defendants MCI-J Warden Dayena Corcoran and Gregg Hershberger, Secretary of Maryland's Department of Public Safety and Correctional Services ("DPSCS").

A federal district court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal

---

[1] Included with the complaint is Plaintiff's motion requesting leave to proceed in forma pauperis. As it appears that Plaintiff is indigent, his motion shall be granted.

basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, I am obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous or malicious or fails to state a claim upon which relief may be granted. In so deciding, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–723 (4th Cir. 1989).

Plaintiff makes no claim against the Warden or the Secretary of DPSCS. A defendant must have been personally involved in the allegedly unconstitutional action or omission to act to be liable in a § 1983 action. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985). Presumably he names them in his lawsuit based on his belief that they are liable for their subordinates' conduct, otherwise known as the doctrine of *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Department of Social Services*, 436 U.S. 658, 94 (1978); *Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the

supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has failed to suggest such misconduct on the part of Defendants Corcoran and Hershberger. Both are entitled to dismissal from suit.

Plaintiff has set forth an allegation of negligence on the part of Defendants Hammerer and Dunning. Negligence, without more, does not constitute a violation of civil rights actionable under 42 U.S.C. § 1983. *See generally Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986) (mere negligence or malpractice does not rise to a constitutional level).

Not every negligence claim can be pursued in federal court. A federal court has limited original jurisdiction, and is not empowered to review every claim related to alleged tortious conduct involving non-federal parties.[2] It only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). At the time of his most recent arrests, Plaintiff resided in Wicomico County,

---

[2] This court does not have original subject matter jurisdiction over negligence cases involving non-federal parties. Further, there are no facts to suggest a federal civil rights question is presented pursuant to 28 U.S.C. § 1331.

Maryland; he currently is incarcerated in a Maryland prison located in Jessup, Maryland, and he provides the address for that prison as the address for three of the named Defendants. This element of diversity jurisdiction does not appear to be satisfied. Diversity jurisdiction also requires that the controversy involve a minimum amount of damages. Plaintiff does not claim an actual amount of damages in controversy, and thus does not satisfy this second requirement diversity jurisdiction. *See* 28 U.S.C. § 1332(a). There is no basis for this court to exercise diversity jurisdiction over this case.

Plaintiff's claim must be dismissed without service of process on Defendants. Title 28 U.S.C. § 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal —
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.

This action seeks damages from based on a state tort over which this court lacks jurisdiction. It will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). This dismissal will constitute Plaintiff's "first strike" under the statute. Plaintiff is advised that once three such dismissals are entered against him, he may be barred from filing new cases unless he first submits the entire civil filing fee, pursuant to 28 U.S.C. § 1915 (g).

A separate order shall be entered in accordance with this Memorandum.

041514
(Date)

                                             Paul W. Grimm
                                             United States District Judge